UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA TRINIDAD,<br><br>    Plaintiff,<br><br>v.<br><br>OPENAI INC., et al.,<br><br>    Defendants. | Case No. 25-cv-06328-JST<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 79 |

       Plaintiff Rebecca Trinidad has filed a motion for leave to file a motion for reconsideration of this Court's January 5, 2026 order dismissing her first amended complaint with prejudice. ECF No. 79. Her motion is based on "new evidence" purportedly establishing the plausibility of her theory that OpenAI monitored her and misappropriated improvements and innovations that she made to ChatGPT by interacting with it as a user. ECF No. 79 at 3.

       Reconsideration is not available where a final judgment has been entered. *See* Civil Local Rule 7-9(a) (requiring a motion for leave to file a motion for reconsideration be made "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case"); Fed. R. Civ. P. 54(b) (authorizing the court to revise its orders prior to the "entry of a judgment adjudicating all the claims and all the parties' right and liabilities"). The Clerk entered judgment in this case on January 5, 2026, and Trinidad filed the motion for leave on January 18, 2026. ECF Nos. 75, 79.

       The appropriate vehicle for Trinidad's arguments is Federal Rule of Civil Procedure 60(b), which authorizes the Court, on a party's motion, to "relieve a party . . . from a final judgment" for certain enumerated reasons. Because Trinidad is pro se, the Court construes her motion under Rule 60(b). *See Phillips v. Securitas Sec. Servs. USA, Inc.*, No. C 17-06693 WHA, 2018 WL

3474186, at *2 (N.D. Cal. July 19, 2018) ("To ensure that *pro se* litigants do not lose their right to a hearing on the merits because of a technical procedural requirement, we construe *pro se* pleadings liberally." (citing *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).

Rule 60(b) motions are "addressed to the sound discretion of the district court." *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). One of Rule 60(b)'s enumerated reasons is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Because judgment was entered after an order dismissing Trinidad's complaint, however, Trinidad has not yet been required to present evidence, and her case does not fit neatly within Rule 60(b)(2). Rule 60(b)'s catchall provision, on the other hand, allows relief from the judgment for "any other reason that justifies relief," may fit better. Fed. R. Civ. P. 60(b)(6).

Whether analyzed under Rule 60(b)(2) or 60(b)(6), Trinidad has failed to demonstrate that relief from the Court's judgment is warranted. Her "new evidence" consists of social media posts from other individuals expounding on their belief that OpenAI monitored and performed A/B testing on them or on other users. ECF No. 79-1. She also attaches a "forensic research report" which appears to be an AI-generated summary of the aforementioned social media posts. ECF No. 79 at 3; ECF No. 79-2.

The Court does not find that these social media posts and summary report are credible evidence of OpenAI's practices. As hearsay by anonymous internet users, they also would not be admissible. *See* Fed. R. Ev. 802. *Winding v. Wells Fargo Bank*, No. 1:11-CV-00555-AWI, 2012 WL 603217, at *9 (E.D. Cal. Feb. 23, 2012), *report and recommendation adopted*, No. 1:11-CV-00555-AWI, 2012 WL 4468430 (E.D. Cal. Sept. 26, 2012), *aff'd sub nom. Winding v. Wells Fargo Bank, NA*, 706 F. App'x 918 (9th Cir. 2017) ("Evidence submitted in support of a Rule 60(b) motion for relief from judgment must be credible and admissible."); *see also Novoselac v. ISM Vuzem d.o.o.*, No. 21-CV-08654-BLF, 2025 WL 345922, at *5 (N.D. Cal. Jan. 29, 2025).

Even if Trinidad had alleged in her complaint the monitoring and testing scheme described in the social media posts, such allegations would not change this Court's decision to dismiss Trinidad's case. Trinidad asserts that the posts make her own claims that she was personally

2

monitored plausible. ECF No. 79 at 3. But this Court's order dismissing Trinidad's complaint made specific findings that Trinidad had failed to state a claim as to each cause of action. ECF No. 74 at 5–9. These findings did not rely on its conclusion that the factual basis for her claims was implausible. *Id*. While the Court did *also* describe the claims as improbable, it did so solely in the context of its decision to dismiss with prejudice. ECF No. 74 at 10 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Moreover, even if Trinidad had shown that OpenAI monitoring her usage was probable, she has not shown that it is probable that she made significant improvements to ChatGPT by interacting with it as a user.[1]

Only one of Trinidad's arguments speaks to the Court's specific findings dismissing each cause of action for failure to state a claim. In dismissing Trinidad's unfair competition claim, the Court noted that although Trinidad had alleged that OpenAI "degraded" a service she paid for, Trinidad did not explain "what that paid service was, how it was degraded, or how Trinidad was financially harmed by the alleged degradation." ECF No. 74 at 8. Trinidad argues that her new evidence shows how OpenAI degraded the service, but she does not address the financial loss component of an unfair competition claim. ECF No. 79 at 4.

Because Trinidad's motion does not identify any reason to revisit the Court's order dismissing her complaint with prejudice, it is denied.

**IT IS SO ORDERED.**

Dated: February 4, 2026

_____
JON S. TIGAR
United States District Judge

---

[1] Trinidad also argues that the evidence shows that she was "given wider latitude . . . to test model capabilities," which "explains how [Trinidad] was able to 'induce persistent memory,'" but the Court discerns no connection between a user's ability to "test model capabilities" and the ChatGPT feature which allows it to "remember" user conversations over time. ECF No. 79 at 4.